UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CENTURION HOLDING, INC., d/b/a
CENTURION FINANCIAL, a Florida corporation,

    Plaintiff,

vs.                                    CASE NO: 8:17-cv-01172-RAL-MAP

HUBER, SLACK, HOUGHTALING, PANDIT &
THOMAS, LLP, a Louisiana Limited Liability
Partnership, n/k/a HUBER, SLACK, THOMAS &
MARCELLE, LLP, HOUGHTALING LAW FIRM,
LLC, a Louisiana Limited Liability Company,
PANDIT LAW FIRM, LLC, a Louisiana Limited
Liability Company, BOURGEOIS, BENNETT, LLC,
a Louisiana Limited Liability Company, BRIAN
HOUGHTALING, an individual, RAJAN PANDIT,
an individual, and RALPH LITOLFF, an individual,

    Defendants.
_____/

## MOTION TO DISMISS

Defendants BOURGEOIS BENNETT, LLC ("**Bourgeois Bennett**") and RALPH LITOLFF ("**Litolff**") move to dismiss Counts XIII through XVI and XXV through XXIX of the complaint under Rule 12(b)(6), Federal Rules of Civil Procedure.

### Background

In this action, the plaintiff, Centurion Holding, Inc. ("**Centurion**"), alleges that it entered into an oral agreement with either one, some, or all of defendants whereby "Plaintiff agreed to find and refer individuals with a potential Deepwater Horizon Oil Spill Settlement Claim to Defendants in exchange for ten percent (10%) of the gross recovery of each claim paid." (Compl. ¶ 13.) Based on this premise, Centurion asserts claims against an accounting firm (Bourgeois Bennett), an accountant at Bourgeois Bennett (Litolff), three law firms (Huber, Slack,

1

Houghtaling, Pandit & Thomas, LLP; Houghtaling Law Firm, LLC; and Pandit Law Firm, LLC) and two individual attorneys (Brian Houghtaling, Esq. and Rajan Pandit, Esq.). Hereafter, Bourgeois Bennett and Litolff will be referred to collectively as the "**Accountant Defendants**," and the law firms and attorneys will be referred to collectively as the "**Law Firm Defendants.**"

Centurion sues all defendants for breach of contract, breach of implied-in-fact contract, unjust enrichment, fraudulent inducement, and conspiracy. Centurion's theory of liability against the Accountant Defendants rests entirely on an alleged "joint venture" between accounting firm Bourgeois Bennett and the two attorneys or an alleged joint venture between Litolff and the two attorneys. (Compl. ¶¶ 157, 279, Counts XIII-XVI, XXV-XXIX). Because Centurion has not pleaded facts supporting a joint venture, or the elements of unjust enrichment or conspiracy, its claims against the Accountant Defendants must be dismissed.

## Argument

**A. Centurion cannot state a cause of action premised on a joint venture between the Accountant Defendants and Law Firm Defendants**

"A joint venture 'is created when two or more persons combine their property or time or a combination thereof in conducting some particular line of trade or for some particular business deal.'" *Jackson-Shaw Co. v. Jacksonville Aviation Authority*, 8 So.3d 1076, 1089 (Fla. 2008) (quoting *Kislak v. Kreedian*, 95 So.2d 510, 514–15 (Fla. 1957)). A joint venture "must arise out of a contract," and the contract "must contain the following elements: (1) a community of interest in the performance of the common purpose, (2) joint control or right of control, (3) a joint proprietary interest in the subject matter, (4) a right to share in the profits and (5) a duty to share in any losses which may be sustained."[1] *Id.* (internal quotations omitted). It is well

---

[1] Similarly, under Louisiana law, a "joint venture requires: (1) A contract between two or more persons; (2) A juridical entity or person is established; (3) Contribution by all parties of either

established that "[t]he absence of *any one* of the elements precludes a finding of a joint venture." *Id.* (emphasis added).

Centurion has not pleaded (and under Rule 11 cannot plead) facts to substantiate an alleged joint venture between either Bourgeois Bennett and the two attorneys (Compl. ¶ 157) or Litolff and the two attorneys (Compl. ¶ 279). The complaint lacks any allegation of a contract among the defendants containing each essential element necessary to establish a joint venture. Among other deficiencies, Centurion failed to allege any facts to support a plausible inference that Bourgeois Bennett or Litolff had a right to share in the profits generated from any alleged joint law firm/accountant venture to represent clients with Deepwater Horizon Oil Spill claims, or a duty to share in any losses. Indeed, Rule 4-5.4(a) of the Florida Rules of Professional Conduct and Rule 5.4(a) of the Louisiana Rules of Professional Conduct prohibit lawyers from sharing fees with non-lawyers, including accountants.

Given that the complaint is devoid of any facts to support the sharing of profits and losses between the Law Firm Defendants and Accountant Defendants, Counts XIII through XVI and XXV through XVIII—all of which are premised on such a joint venture—must be dismissed. *See Ely v. Shuman*, 233 So. 2d 169, 170 (Fla. 3d DCA 1970) (affirming dismissal of complaint that sought damages premised on a joint venture when the "complaint fail[ed] to allege a firm agreement to share in profits and losses in equality or in any definite proportion").

### B. Centurion has not alleged a claim for unjust enrichment

As alternatives to its breach of contract claims, Centurion attempts to assert claims of unjust enrichment against Bourgeois Bennett (Count XV) and Litolff (Count XXVII). However,

---

efforts or resources; (4) The contribution must be in determinate proportions; (5) There must be joint effort; (6) There must be a mutual risk vis-a-vis losses; (7) There must be a sharing of profits." *Guilbeaux v. Times of Acadiana, Inc.*, 96-360 (La. App. 3 Cir. 3/26/97), 693 So. 2d 1183, 1188.

3

neither count alleges the absence of an adequate remedy at law. *See Begualg Inv. Mgmt. Inc. v. Four Seasons Hotel Ltd.*, No. 10-22153-CIV, 2011 WL 4434891, at *7 (S.D. Fla. Sept. 23, 2011) ("The Court . . . agrees that because Plaintiffs' complaint also alleges that a valid contract exists that Plaintiffs must allege that no adequate remedy at law exists within their unjust enrichment claim."); *Nautica Intern., Inc. v. Intermarine USA, L.P.,* 5 F. Supp. 2d 1333, 1342 (S.D. Fla. 1998) (dismissing unjust enrichment claim where plaintiff failed to allege its contractual remedy was inadequate). Thus, in addition to the inability to allege facts plausibly supporting a joint venture, the claims for unjust enrichment claims in Counts XV and XXVII must be dismissed for failure to allege that no adequate remedy at law exists.

### C. Centurion failed to allege facts supporting a conspiracy

A claim for conspiracy requires: "(a) an agreement between two or more parties, (b) to do an unlawful act or to do a lawful act by unlawful means, (c) the doing of some overt act in pursuance of the conspiracy, and (d) damage to plaintiff as a result of the acts done under the conspiracy." *United Techs. Corp. v. Mazer,* 556 F.3d 1260, 1271 (11th Cir. 2009).

Centurion seemingly relies on allegations of fraudulent inducement as the underlying "unlawful act." As explained above, Centurion's fraudulent inducement claims (Counts XVI and XXVIII) are subject to dismissal, and accordingly, the claim for conspiracy must be dismissed as well. *Behrman v. Allstate Life Ins. Co.,* 178 Fed. Appx. 862, 863 (11th Cir. 2006) ("[B]ecause a civil conspiracy claim is not an independent cause of action in Florida, we also conclude that that claim was properly dismissed because all of the predicate claims were properly dismissed.").

Moreover, because the alleged "unlawful act" underlying the conspiracy claim constitutes fraud, Rule 9(b) requires the Plaintiff to plead with specificity "the required who, what, where, when, how of the alleged conspiracy." *Begualg Inv. Mgmt. Inc. v. Four Seasons Hotel Ltd.*, No.

4

10-22153-CIV, 2011 WL 4434891, at *6 (S.D. Fla. Sept. 23, 2011). But in Count XXIX, Centurion references only the "Defendants" and fails to specify each defendant's participation in the alleged conspiracy. Conclusory allegations regarding the collective actions of "the Defendants" are patently insufficient. *Brooks v. Blue Cross & Blue Shield of Florida, Inc.*, 116 F.3d 1364, 1381 (11th Cir. 1997) ("Plaintiffs have simply lumped together all of the Defendants in their allegations of fraud.") (internal quotations omitted); *Leisure Founders, Inc. v. CUC Int'l, Inc.*, 833 F. Supp. 1562, 1575 (S.D. Fla. 1993) ("Where multiple parties are charged with fraud, the complaint must distinguish among defendants and specify their respective roles in the fraud."); *Cordell Consultant, Inc. v. Abbott*, No. 11-80416-CIV, 2012 WL 12862804, at *3 (S.D. Fla. Dec. 5, 2012) (dismissing civil conspiracy claim after determining the plaintiff "impermissibly lumps together allegations against all Defendants that require individualized particularity"). Centurion's allegations fall short of Rule 9(b)'s heightened pleading standard and even fail to satisfy the notice requirements of Rule 8(a). *See Martinez v. City of Orlando*, No. 6:09CV802-ORL-22GJK, 2009 WL 3048486, at *8 (M.D. Fla. Sept. 21, 2009) (dismissing civil conspiracy claim after explaining the plaintiff's allegations "lump[]" the defendants together and that "such generic allegations are not sufficient to give the Defendants fair notice of the claims against them individually" as required by Rule 8(a)).

Finally, the complaint is devoid of facts that would arguably support an inference of an "agreement" between the defendants to the alleged unlawful objective of the conspiracy. Centurion merely alleges the "Defendants … conspire[ed] amongst them that they would not pay the ten percent (10%) agreed-upon fee." (Compl. ¶ 318.) However, such a conclusory allegation is insufficient. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007) (stating that "a conclusory allegation of agreement at some unidentified point does not supply facts adequate to

show illegality"); *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1950–51 (2009) (finding an allegation that the defendants agreed to adopt an unlawful policy was not entitled to the presumption of truth). The Plaintiff has not (and cannot) plead any facts supporting the conclusory allegation that the Law Firm Defendants and Bourgeois Bennett or Litolff entered into an agreement to commit the fraud at the heart of the purported conspiracy.

## Conclusion

In sum, Centurion has not pleaded facts that support a plausible inference of a joint venture between the Accountant Defendants and Law Firm Defendants. Nor has Centurion alleged the required elements of unjust enrichment or a conspiracy. Counts XIII through XVI, and XXV through XXIX should be dismissed as to Bourgeois Bennett LLC and Ralph Litolff.

Respectfully submitted,

Dated:  June 7, 2017            By:   */s/ Bryan D. Hull*
J. Carter Andersen, FBN 0143626
Primary email: candersen@bushross.com
Secondary email: ksalter@bushross.com
Bryan D. Hull, FBN 20969
Primary E-mail:  bhull@bushross.com
Secondary E-mail:  lhoman@bushross.com
Lauren B. Rehm, FBN 106608
Primary E-mail: lrehm@bushross.com
BUSH ROSS, P.A.
P.O. Box 3913
Tampa, FL 33601-3913
Telephone: (813) 224-9255
Facsimile:  (813) 223-9620
*Counsel for Defendants, Bourgeois Bennett LLC and Ralph Litolff*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on June 7, 2017, all counsel of record who consented to electronic service are being served with a copy of this document via the Court's CM/ECF system. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to any non-CM/ECF participants.

                                                    */s/ Bryan D. Hull*
                                                  Attorney