**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

CENTURION HOLDING, INC., d/b/a
CENTURION FINANCIAL, a Florida
Corporation

    Plaintiff,

vs.   CASE NO.: 8:17-cv-01172-RAL-MAP

HUBER, SLACK, HOUGHTALING, a claim
PANDIT & THOMAS, LLP, a Louisiana
Limited Liability Partnership, n/k/a HUBER,
SLACK, THOMAS & MARCELLE, LLP,
HOUTALING LAW FIRM, LLC, a Louisiana
Limited Liability Company, PANDIT LAW
FIRM, LLC, a Louisiana Limited Liability
Company, BOURGEOIS, BENNETT, LLC, a
Louisiana Limited Liability Company, BRIAN
HOUGHTALING, an individual RAJAN PANDIT,
An individual, and RALPH LITOLFF, an individual,

    Defendants.
_____/

**DEFENDANT HUBER, SLACK, THOMAS & MARCELLE, LLP'S MOTION TO DISMISS COUNTS I, II, III, IV, XIII, XIV, XV, XVI, and XXIX OF PLAINTIFF'S COMPLAINT AND INCORPORATED MEMORANDUM OF LAW**

Defendant, Huber, Slack, Thomas & Marcelle, LLP ("Huber Slack"), hereby moves this Court to dismiss Counts I, II, III, IV, XIII, XIV, XV, XVI, and XXIX of Plaintiff's Complaint pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted. In support thereof, Huber Slack states the following:

**INTRODUCTION**

On March 13, 2017, Plaintiff filed the underlying suit in the Circuit Court of the Sixth Judicial Circuit, in and for Pasco County. (Dkt. 3). On April 26, 2017, Plaintiff effectuated service of process on Huber Slack. (Dkt. 1-2 ¶4). On May 17, 2017, pursuant to 28 U.S.C. § 1332(a)(1)

and 28 U.S.C. § 1441(a), Defendants Houghtaling and Houghtaling Law Firm timely removed the action to this Court with the express consent of all other Defendants. (Dkt. 1-0).

Plaintiff's Complaint alleges 29 causes of action. The core legal claims are breach of contract, quantum meruit, unjust enrichment, fraudulent inducement, and conspiracy. Each of these claims is separately alleged against Defendants individually, or groups of Defendants alleged to be in a "joint venture" with other Defendants. The basis of all the allegations, however, is that Defendants, individually and collectively, entered into an oral agreement with Plaintiff, in which Plaintiff was to refer eligible Deepwater Horizon Oil Spill Settlement Fund claimants to the Defendants in exchange for ten percent (10%) of the gross recovery of each claim paid. (Dkt. 3 ¶12, 13). Plaintiff was to conduct a causation test to determine the eligibility of the individual, and then refer those individuals that were eligible to Defendants, at a rate of $350 per completed causation test. (Dkt. 3 ¶26). Plaintiff alleges that it referred over one hundred (100) individuals to the Defendants, however, Plaintiff was not compensated the ten percent (10%) per claim, as allegedly agreed upon. (Dkt. 3 ¶ 16, 19).

However, this oral agreement is unenforceable, and thus, Plaintiff is not entitled to relief on its breach of contract claims. Plaintiff pled unjust enrichment and breach of an implied-in-fact contract, in the alternative, however, these claims for equitable relief are improperly pled and fail as a matter of law. The causes of action for fraudulent inducement, conspiracy, and all claims against Defendant Huber Slack as a "joint venture" with the other Defendants, are devoid of any facts which would establish the necessary elements that are required for pleading.

Accordingly, Counts I, II, III, IV, XIII, XIV, XV, XVI, and XXIX of Plaintiff's Complaint fail to state a claim upon which relief can be granted and Huber Slack moves this Court to dismiss these counts from Plaintiff's Complaint.

**ARGUMENT**

    **I.**    **Legal Standard**

Under Rule 12(b)(6), Federal Rules of Civil Procedure, a motion to dismiss will be granted if the plaintiff fails to state a claim in which relief can be granted. A motion to dismiss for failure to state a claim merely tests the sufficiency of the complaint and does not decide the merits of the case. *Milbum v. United States*, 734 F.2d 762, 765 (11th Cir. 1984). To satisfy the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure, a complaint must contain a short and plain statement showing an entitlement to relief, and the statement must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002) (citing Fed.R.Civ.P. 8); see also *Dura Pharm., Inc. v. Broudo*, 544 U.S. 336, 346, 125 S.Ct. 1627, 161 L.Ed.2d 577 (2005); *Bell Atl. Corp. v. Twombly*, 555 U.S. 544, 555 (2007*)*. A Complaint does not need detailed factual allegations. *Id.* However, Plaintiff does have an obligation to provide the "ground" of his "entitlement to relief" beyond mere labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Id*.

The Court may grant a motion to dismiss when, on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action. *Zarrella v. Pacific Life Ins, Co.*, 755 F. Supp. 2d 1231, 1235-36 (S.D. Fla. 2011). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). On a motion to dismiss, the court reviews the pleadings and draws "reasonable inference[s]" from the facts alleged. *Id*. The court must draw on "judicial experience and common sense when construing the allegations in a complaint". *Id* at 1950.

## II. Plaintiff's Breach of Contract Claims (Counts I and XIII) Should be Dismissed for Failure to State a Claim Upon Which Relief Can Be Granted

Defendant Huber Slack submits that Counts I and XIII of the Complaint, which allege breach of oral agreement as to Huber Slack, should be dismissed because the alleged oral agreement fails for indefiniteness, Plaintiff has either sued the wrong parties or has failed to join indispensable parties, and because the alleged oral agreement is unenforceable under the Statute of Frauds. In support of these arguments, Huber Slack adopts Section II: "The Breach of Contract Claims Should Be Dismissed for Failure to State a Claim Upon Which Relief Can Be Granted and for Failure to Join Indispensable Parties" of Defendant Houghtaling's Motion to Dismiss (Dkt. 24).

## III. Plaintiff's Unjust Enrichment Claims (Counts III and XV) Should be Dismissed for Failure to State a Claim Upon Which Relief Can Be Granted

In Counts III and XV Plaintiff alleges claims for unjust enrichment against Defendant Huber Slack. Count III of Plaintiff's Complaint, which is styled as "Unjust Enrichment Against Defendant Huber, Slack, Thomas & Marcelle, LLP", alleges that the Plaintiff conferred a benefit to Defendant Huber Slack, and Defendant Huber Slack received and retained said benefit without compensating Plaintiff. (Dkt. 3 ¶43, 47). Count XV of Plaintiff's Complaint, which is styled as "Unjust Enrichment Against Defendants Bourgeois, Bennett, LLC, Huber, Slack, Thomas & Marcelle, LLP, Pandit Law Firm, LLC, and Houghtaling Law Firm, LLC", alleges that the Plaintiff conferred a benefit to Defendant Huber Slack and the other Defendants as a "joint venture", and the joint venture received and retained said benefit without compensating Plaintiff. (Dkt. 3 ¶176, 180).

To successfully state a claim for unjust enrichment, a Plaintiff must show (1) a benefit conferred upon the defendant by the plaintiff; (2) appreciation by the defendant of such benefit; and (3) acceptance and retention of such benefit by the defendant under such circumstances that it

would be inequitable for him to retain it without paying the value thereof. *Hercules, Inc. v. Pages*, 814 F. Supp. 79, 80 (M.D. Fla. 1993) (citing *Henry M. Butler, Inc. v. Trizec Properties, Inc.*, 524 So. 2d 710, 712 (Fla. 2d DCA 1988)). The plaintiff must allege that it directly conferred a benefit on defendant; an indirect benefit is insufficient. *See Huntsman Packaging Corp. v. Kerry Packaging Corp.*, 992 F.Supp. 1439, 1446 (M.D. Fla. 1998).

In the instant case, Plaintiff fails to identify a benefit *retained* by Defendant Huber Slack. Plaintiff alleges that it conferred a benefit upon the Defendants by referring eligible Deepwater Horizon claimants. However, the claims purportedly referred were never retained by Defendant Huber Slack, and Plaintiff has made no allegations that Huber Slack retained any of the referred claims. Defendant Huber Slack did not earn any attorney's fees, or play any role in the legal representation, of these claims, and Plaintiff does not allege anything to the contrary, as such an allegation would be patently false and violative of F.R.C.P. Rule 11. The unjust enrichment claims alleged here against Defendant Huber Slack are no more than conclusions without a factual basis.

Further, it is well settled in Florida that unjust enrichment is an equitable remedy and is, therefore, not available where there is an adequate legal remedy. *American Honda Motor Co., Inc. v. Motorcycle Information Network, Inc.*, 390 F.Supp.2d 1170 (M.D. Fla. 2005); *Martinez v. Weyerhaeuser Mortg. Co.*, 959 F.Supp. 1511, 1518 (S.D. Fla. 1996) (dismissing unjust enrichment claim for failure to state a claim). Thus, to properly state a claim for unjust enrichment, a party must allege that no adequate legal remedy exists. *Id*. Plaintiff fails to satisfy these pleading standards. Plaintiff's Complaint does not suggest that an adequate legal remedy is unavailable to the Plaintiff. Moreover, the only remedy sought by the Plaintiff in this case is monetary damages. As such, Plaintiff's unjust enrichment claims in Counts III and XV of the Complaint should be dismissed for failure to state claims upon which relief can be granted.

### IV.    Plaintiff's Quantum Meruit Claims (Counts II and XIV) Should be Dismissed for Failure to State a Claim Upon Which Relief Can Be Granted

Claims for breach of implied agreement, quantum meruit, and unjust enrichment are all synonymous: they are all claims in equity designed to provide a remedy where one party was unjustly enriched. *See Posely v. Eckerd Corp.* 433 F. Supp. 2d 1287, 1313 (S.D. Fla. 2006). Because they are all based in equitable theory, recovery under Plaintiff's claims for breach of an implied-in-fact contract (quantum meruit) is only available where there is no adequate remedy at law. *Mitsubishi Int'l Corp. v. Cardinal Textile Sales, Inc.*, 14 F.3d 1507, 1518 (11th Cir. 1994). Courts have addressed the concept of "adequate remedy at law" in a variety of contexts and have held that the availability of monetary damages demonstrates that an adequate remedy at law exists. *See Martinez*, 959 F. Supp. At 1618. In the instant case, as with the unjust enrichment claim, Plaintiff has an adequate remedy at law. Accordingly, Counts II and XIV of Plaintiff's Complaint should be dismissed.

### V.    Plaintiff's Fraudulent Inducement Claims (Counts IV and XVI) Should be Dismissed for Failure to State a Claim Upon Which Relief Can Be Granted

To properly plead fraudulent inducement under Rule 9(b), Federal Rules of Civil Procedure, a plaintiff must allege "(1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud". *Smiley v. Nationstar Mortgage LLC*, 202 F. Supp. 3d 1322, 1324 (M.D. Fla. 2016).

Here, the Complaint fails to satisfy Rule 9(b) with respect to the fraudulent inducement claims against Defendant Huber Slack. First, the Complaint does not allege "precisely what

statements were made", or the "person responsible for making…same". The Complaint plainly fails in this regard. Further, the only allegedly fraudulent statements contained in the Complaint were not representations of fact, but simply were alleged promises – *i.e*. that Plaintiff "would be paid" 10% of the referred clients' gross recoveries. However, fraud cannot be predicated upon statements which are promissory in nature as future acts, unless there was a present intention not to perform; but this exception does not apply where, as here, the promises upon which Plaintiff relies were unenforceable as a contract even absent any fraud at the time of their utterance. *Feldman v. Am. Dawn, Inc.*, 849 F.3d 1333 (11th Cir. 2017).

Moreover, Plaintiff could not have reasonably relied upon any representation by Defendant Huber Slack that the Defendants could or would commit, on behalf of prospective clients, to pay 10% of those clients' gross recoveries in the Deepwater Horizon settlement to Plaintiff. *See Barnes v. Burger King Corp.*, 932 F. Supp. 1420, 1425 (S.D. Fla. 1996) (to prove fraudulent inducement, plaintiff must show that it acted in justifiable reliance on the misrepresentation). For these reasons, the fraudulent inducement claims in Counts IV and XVI should be dismissed.

**VI.   Plaintiff's Joint Venture Claims (Counts XIII, XIV, XV, and XVI) Should be Dismissed for Failure to State a Claim Upon Which Relief Can Be Granted**

A joint venture is a legal relationship similar to a partnership but more limited in scope. *Jackson-Shaw Co. v. Jacksonville Aviation Authority*, 8 So.3d 1076, 1089 (Fla. 2008)(citing *Kislak v. Kreedian*, 95 So.2d 510, 514-15 (Fla. 1957)). A joint venture "is created when two or more persons combine their property or time or a combination thereof in conducting some particular line of trade or for some particular business deal." *Id*. This relationship must arise out of a contract. *Id*. In order to create a joint venture, a contract must contain the following elements: "(1) a community of interest in the performance of the common purpose, (2) joint control or right of control, (3) a joint proprietary interest in the subject matter, (4) a right to share in the profits and

(5) a duty to share in any losses which may be sustained." *Id*. The Florida Supreme Court held in *Jackson-Shaw Co.* that "the absence of one of the elements precludes a finding of a joint venture". *Id*. *See also USA Independence Mobilehome Sales, Inc. v. City of Lake City*, 908 So.2d 1151, 1158 (Fla. 1st DCA 2005); *Austin v. Duval County Sch. Bd.*, 657 So.2d 945, 948 (Fla. 1st DCA 1995).

Counts XIII, XIV, XV, and XVI of Plaintiff's Complaint allege that Defendant Litolff, on behalf of Bourgeois Bennett, was acting in conjunction with Defendants Pandit and Houghtaling, "amounting to a joint venture" (Dkt. 3 ¶157). The Complaint refers to this purported joint venture as the "Bourgeois Bennett Joint Venture", and claims to have referred Deepwater Horizon claimants to this entity. (Dkt. 3 ¶¶157, 159). In addition to pleading the elements of the underlying claims, the Plaintiff is required to also plead the elements of joint venture for each of these causes of action. However, the allegations in Counts XIII, XIV, XV, and XVI against the purported "Bourgeois Bennett Joint Venture" are mere recitations of the causes of action found elsewhere in the Complaint. The Complaint is devoid of any facts to support the existence of a joint venture, for example, the sharing of profits and losses between the Defendants, or had the right and authority to bind the others, core tenants to the concept of joint venture. *See Jackson-Shaw Co.* at 1089.

When the events and transactions which form the basis of the alleged joint venture relationship are not in writing, the burden of establishing the existence of such contract, including all of its essential elements, is a heavy and difficult one. *Kislak v. Kreedian*, 95 So.2d 510, 515 (Fla. 1957). The Plaintiff, in the instant case, is unable to overcome this heavy burden, and patently fails to plead a single element required to establish the existence of a joint venture. Further, the absence of one of the elements of joint venture, or all of the elements, as is the case here, precludes a finding that the entity existed. *See Jackson-Shaw Co.* at 1089. As such, Counts XIII, XIV, XV,

and XVI of Plaintiff's Complaint in which a joint venture is alleged, must be dismissed for failing to state a claim upon which relief can be granted.

### VII. Plaintiff's Conspiracy Claim (Count XXIX) Should be Dismissed for Failure to State a Claim Upon Which Relief Can Be Granted

To successfully plead a cause of action for civil conspiracy, the Plaintiff must prove the following elements: (1) an agreement between two or more parties, (2) to do an unlawful act by unlawful means, (3) the committing of an overt act in pursuance of the conspiracy, and (4) damage to the plaintiff as a result of the act." *Bankers Life Ins. Co. v. Credit Suisse First Boston Corp.*, 590 F. Supp.2d 1364, 1368 (M.D. Fla. 2008) (citing *Walters v. Blankenship*, 931 So.2d 137, 140 (Fla. 5th DCA 2006)).

Count XXIX of the Plaintiff's Complaint alleges civil conspiracy. This claim for conspiracy fails, as a matter of law, as Plaintiff does not specify an "unlawful act" committed by the Defendants. To state a claim for civil conspiracy one must allege an underlying unlawful act. *Florida Fern Growers Ass'n, Inc. v. Concerned Citizens of Putnam Cnty.*, 616 So.2d 562, 565 (Fla. 5th DCA 1993) (to state a civil conspiracy claim, a plaintiff must assert conspirators agreed to undertake "an unlawful act or to do a lawful act by unlawful means"). The only wrongdoing specified by the Plaintiff in the Complaint is the alleged breach of an oral agreement, which is not, by itself, unlawful. While there can be unlawful acts related to a breach of contract, simply breaching a contract cannot support a conspiracy claim. Further, Plaintiff has failed to plead the specific intent to defraud. Under Florida law, the causes of action for fraud and civil conspiracy both require scienter. *See Parker v. State of Fla. Bd. of Regents*, 724 So.2d 163, 169 (Fla. 1st DCA 1998) ("bad faith must be deemed to be a necessary element of any action for fraud").

A cause of action for conspiracy requires an actionable underlying tort or wrong. *See Florida Fern Growers v. Concerned Citizens*, 616 So.2d 562, 565 (Fla. 5th DCA 1993); *Wright v.*

9

*Yurko*, 446 So.2d 1162, 1165 (Fla. 5th DCA 1984. "Thus, a cause of action for civil conspiracy exists…only if the basis for the conspiracy is an independent wrong or tort which would constitute a cause of action if the wrong were done by one person". *Blatt v. Green, Rose, Kahn & Piotrkowski*, 456 So.2d 949, 951 (Fla. 3rd DCA 1984). Accordingly, Count XXIX of Plaintiff's Complaint should be dismissed.

### VIII. Conclusion

Determining the propriety of granting a motion to dismiss requires courts to accept all the factual allegations in the complaint as true and evaluate all inferences derived from those facts in the light most favorable to the plaintiff. *See Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994). Nonetheless, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003). To survive a motion to dismiss, a plaintiff's complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1960, 167 L. Ed. 2d 929 (2007).

Even when the allegations of Plaintiff's Complaint are accepted as true and viewed in the light most favorable to the Plaintiff, Counts I, II, III, IV, XIII, XIV, XV, XVI, and XXIX of Plaintiff's Complaint still fail to state claims against Defendant Huber Slack upon which relief can be granted. The oral agreement complained of is unenforceable, and thus, Plaintiff is not entitled to relief on its breach of contract claims. Plaintiff pled unjust enrichment and breach of an implied-in-fact contract, in the alternative, however, these claims for equitable relief are improperly pled and fail as a matter of law. Further, the causes of action for fraudulent inducement, conspiracy, and all claims against Defendant Huber Slack as a "joint venture" with the other Defendants, are devoid of any facts which would establish the necessary elements that are required for pleading.

WHEREFORE, Defendant respectfully requests this Honorable Court to enter an order dismissing Counts I, II, III, IV, XIII, XIV, XV, XVI, and XXIX of Plaintiff's Complaint for failure to state a claim upon which relief can be granted, and for any other further relief as this Court deems just and proper.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 7, 2017, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the following non-CM/ECF participants:  N/A.

*/s/ Scott P. Yount*
Scott P. Yount, FBN: 0021352
Jordan L. Parker, FBN: 88766
Garrison, Yount, Forte & Mulcahy, L.L.C.
601 Bayshore Boulevard, Suite 800
Tampa, Florida 33606-2760
Phone: 813-275-0404
Fax: 813-275-0304
E-mail: eservice@garrisonyount.com
Attorneys for Defendant, HSTM