# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

CENTURION HOLDING, INC, d/b/a
Centurion Financial,

    Plaintiff,

v.                                                CASE NO.  8:17-cv-1172-T-26MAP

HUBER, SLACK, HAOUGHTALING, PANDIT
& THOMAS, LLP, n/k/a Huber, Slack,
Thomas & Marcelle, LLP,
HOUGHTALING LAW FIRM, LLC,
PANDIT LAW FIRM, LLC,
BOURGEOIS, BENNETT, LLC,
BRIAN HOUGHTLALING, RAJAN PANDIT,
and RALPH LITOLFF,

    Defendants.
                                              /

## O R D E R

The Court considers this case *sua sponte* consistent with its obligation as a court of limited jurisdiction to inquire into its jurisdiction at the earliest possible stage of the proceedings.  See Kirkland v. Midland Mortgage Co., 243 F. 3d 1277, 1279-80 (11th Cir. 2001) (citing University of South Alabama v. American Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999)); accord Bochese v. Town of Ponce Inlet, 405 F.3d 964, 974-75 (11th Cir. 2005).  After doing so, the Court concludes that this case must be remanded for lack of subject matter jurisdiction.  See 28 U.S.C. § 1447(c) (stating in pertinent part that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case *shall* be remanded.") (Emphasis added.)

Where, as here, a plaintiff fails to specify the total amount of damages demanded, a defendant seeking removal based on diversity jurisdiction must establish by a preponderance of the evidence that the amount in controversy exceeds the sum of $75,000.  See Tapscott v. MS Serv. Dealer Corp., 77 F.3d 1353, 1356-57 (11th Cir. 1996).  A defendant's mere conclusory allegation that the amount in controversy is satisfied without detailing the underlying facts supporting the allegation is insufficient to sustain the defendant's burden.  See Leonard v. Enterprise Rent A Car, 279 F.3d 967, 972 (11th Cir. 2002).  In this case, Defendants, other than making conclusory statements that the jurisdictional amount is satisfied, have wholly failed to sustain their burden of establishing by a preponderance of the evidence through the assertion of underlying facts that at the time this case was removed from state court on May 17, 2017, the amount in controversy in fact exceeded the amount of $75,000.  As in Leonard, "all [Defendants] did was to fill the notice of removal with the type of unsupported assumptions we have held to be inadequate."  Id. at 972.[1]

Accordingly, because the removal statute is to be narrowly construed with all uncertainties being resolved in favor of remand, see Burns v. Windsor Ins. Co., 31 F.3d 1092, 1094 (11th Cir. 1994), and because Defendants have failed to satisfy this Court

---

[1] As an example, Defendants want this Court to blindly accept the declaration of Defendant Brian Houghtaling as establishing that the amount in controversy at the time of removal exceeded $75,000 despite the fact that his declaration is devoid of any supporting and verifiable facts, including any meaningful verification of the authenticity of the document attached to the Notice of Removal as Exhibit J upon which he partially relies.

through the Notice of Removal that the amount in controversy more likely than not exceeds the sum of $75,000, this Court lacks subject matter jurisdiction to proceed in this case.

It is, therefore, **ORDERED AND ADJUDGED** as follows:

1) The clerk is directed to remand this case to the Circuit Court of the Sixth Judicial Circuit, in and for Pasco County, Florida.

2) The clerk is directed to close this case after remand has been effected and to terminate all pending motions.

**DONE AND ORDERED** at Tampa, Florida, on July 3, 2017.

s/*Richard A. Lazzara*
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**

COPIES FURNISHED TO:
Counsel of Record